IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MONICA BILL,                          )
                                      )
                    Plaintiff,        )
                                      )
v.                                    )       Civil Action No.  08-037
                                      )
MICHAEL J. ASTRUE,                    )
COMMISSIONER OF SOCIAL                )
SECURITY,                             )
                                      )
                    Defendant.        )

## MEMORANDUM ORDER

This is an appeal from the final decision of the Commissioner denying plaintiff's claim
for supplemental security income under Title XVI of the Social Security Act.  42 U.S.C. § 1381,
*et. seq.*  Plaintiff, Monica Bill, alleges that this court should reverse the decision of the ALJ and
award her benefits because she is disabled due to depression, anxiety, and bipolar disorder.  The
parties have filed cross-motions for summary judgment.

Plaintiff argues that the ALJ committed substantial errors of law in determining that she
was not disabled within the meaning of the Act, specifically by failing to afford proper weight to
the opinions of plaintiff's treating medical sources, by failing to consider the effect of consistent
GAF scores between 45-50[1], by failing to recognize that the Consultative Examiner's
conclusions were "identical" to the those of the treating psychiatrist, and advancing hypothetical
questions to the vocational expert ("VE") that did not adequately and accurately set forth all of
plaintiff's work-related limitations.  Defendant's position is that substantial evidence supports
the ALJ's decision with respect to all of the assignments of error charged by plaintiff and that the
ALJ gave appropriate weight to plaintiff's evaluations by her treating psychiatrist and that the

---

[1]The GAF scale, designed by the American Psychiatric Association, ranges from zero to one hundred and
assesses a person's psychological, social and occupational function. *Diagnostic and Statistical Manual of Mental
Disorders*, (DSM-IV-R) (4th ed. 2000).  A score between 41 and 50 indicates serious symptoms (e.g. suicidal
ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational or school
functioning (e.g. no friends, unable to keep a job). *Id.*

hypothetical questions posed to the VE were appropriate.

Where the Commissioner's[2] findings are supported by substantial evidence, we must affirm. *Richardson v. Perales*, 402 U.S. 389 (1971); *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988); see also *Welch v. Heckler*, 808 F.2d 264, 266-7 (3d Cir. 1988) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal district court may neither reweigh the evidence, nor reverse the Administrative Law Judge merely because it would have decided the claim differently). Based on the evidence of record and the briefs filed in support of each party's summary judgment motion, the court concludes that substantial evidence supports the Commissioner's finding that plaintiff is not disabled.

Plaintiff's argument that the ALJ failed to afford appropriate weight to her treating psychiatrist's opinions focuses largely on consistent GAF ratings between 45 and 50. Plaintiff suggests that the ALJ gave short shrift to the GAF scores in his decision. The court cannot agree.

Initially, the court notes that the Social Security Administration has explicitly declined to endorse the use of the GAF scale because its scores do not have a direct correlation to the disability requirements and standards of the Act. *See* 65 Fed.Reg. 50746, 50764-65 (August 21, 2000). Low GAF scores may relate to factors unrelated to the ability to maintain gainful employment. "[A] GAF score, without evidence that it impaired the ability to work, does not establish an impairment." *Chanbunmy v. Astrue*, 560 F.Supp.2d 371, 383 (E.D.Pa. May 21, 2008) (citing *Camp v. Barnhart*, 103 Fed.Appx. 352, 354 (10th Cir. 2004)). Thus, the GAF scores are not necessarily indicative of Plaintiff's inability to work.

Further, despite plaintiff's protestations to the contrary, the court finds that the ALJ did adequately account for the GAF scores in his decision. The ALJ specifically addressed the GAF of 50 assessed by consultative examining psychologist Marvin Wheeler, Ph.D., and the GAF scores "in the 40's" assessed by Turtle Creek Valley MH/MR, noting that the scores were inconsistent with plaintiff's reported activities of daily living, that plaintiff had ceased taking her medications at one point, and that some of plaintiff's depression and anxiety was "situational in

---

[2]The ALJ's decision became the final decision of the Commissioner after the Appeals Council denied plaintiff's request for review.

nature." The court finds that the ALJ did adequately evaluate plaintiff's GAF scores in making his decision. Further, the court finds that the ALJ's conclusions were not unreasonable based upon his review of the longitudinal record. To reverse or remand on this point would require the court to reweigh the evidence of record, which in these proceedings the court is not empowered to do.

Plaintiff further avers that the opinion of her "long-time treating mental health provider" that she is disabled should be should be afforded substantial weight. Plaintiff contends that all of the medical evidence, including that of the consultative examiner, supports this opinion. Again, the court cannot accede.

It is by now axiomatic that an opinion that a claimant is "disabled" or "unable to work" is not dispositive or entitled to special deference. *See Adorno v. Shalala*, 40 F.3d 43, 47-48 (3d Cir. 1994); 20 C.F.R. §§ 404.1527(e), 416.927(e). Disability determinations are the province of the ALJ. 20 C.F.R. § 404.1527(d)(2), 416.927(d)(2).

Further, the court finds that plaintiff's argument mischaracterizes the medical evidence of record as being unanimous. Although Dr. Wheeler's report reveals that "[plaintiff's] ability to tolerate the stress and pressures associated with day to day work type activities is considered poor at this time," a psychiatric review technique form completed by Roger Glover, Ph.D., opines that "[t]he claimant is able to meet the basic mental demands of competitive work on a sustained basis despite the limitations resulting from her impairment." Additionally, the ALJ afforded only partial weight to Dr. Wheeler's report because he found that some of Dr. Wheeler's conclusions were based on subjective evidence from the plaintiff rather than objective medical findings. Moreover, the ALJ observes that the Turtle Creek Valley records do not report any objective findings of a mental impairment of "totally disabling severity." The court thus concludes that the medical opinions contained in the record are not unanimous as to plaintiff's disability as plaintiff would have us believe.

Plaintiff attacks the ALJ's finding that her treatment at Turtle Creek Valley was sporadic, stating that plaintiff's missed appointments coincided with her treatment for her stage III squamous cell carcinoma of her throat, and that following her cancer treatment, plaintiff promptly continued with her mental health treatment. Plaintiff was diagnosed with cancer in

3

October 2006, and her first discharge from treatment at Turtle Creek Valley was in May 2005 for missing appointments. She was discharged again in October of 2006 for "missed appts with therapist and psychiatrist and did not keep appts after receiving predischarge letters and phone contacts." Such missed appointments would, by necessity, have occurred prior to her cancer diagnosis and ergo prior to her cancer treatments. Likewise, after her cancer treatment had concluded and she was reported as being "disease free," she continued to miss appointments after seeking to return to treatment in March 2007. In fact, a request from plaintiff's lawyer to complete a mental status questionnaire was denied by Turtle Creek Valley in April 2007 because "[t]he therapist and doctor feel they cannot accurately assess her mental status since neither has seen her for five months." The court thus concludes that the ALJ's finding that plaintiff's treatment was sporadic was not unreasonable.

Likewise, plaintiff challenges the ALJ's finding that plaintiff was non-compliant with her treatment. Plaintiff characterizes this finding as being non-compliant with taking her medications, but that is not what the decision says. It says that "she was not compliant." Plaintiff's frequent missed appointments discussed above represent non-compliance with treatment. Additionally, there is evidence in the record that plaintiff was non-compliant in taking her medications. A progress note of May 26, 2006, indicates "[s]he has been out of meds for about 2 mos." The court therefore finds that the ALJ's finding was reasonable.

Plaintiff also assails the ALJ's credibility finding as to plaintiff. The ALJ has authority to make credibility determinations. *Van Horn v. Schweiker,* 717 F.2d 871, 873 (3d Cir. 1983). "Because he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." *Shively v. Heckler,* 739 F.2d 987, 989-90. (4th Cir. 1984). The ALJ's credibility determinations need only be supported by substantial evidence on the record. Here, the ALJ considered plaintiff's subjective complaints and assessed them in the context of the entirety of the medical evidence, determining her statements concerning the effects of the symptoms were not entirely credible. Therefore, substantial evidence supports the ALJ's credibility determination.

Plaintiff's final remonstrance to the ALJ's decision is that the ALJ erred in that the hypothetical questions posed to the VE at the administrative hearing did not include all of

plaintiff's impairments. Plaintiff's argument, however, is merely a repetition of her arguments particularized above. Because the court finds that the ALJ's findings as to plaintiff's work-related limitations are supported by substantial evidence, the court likewise finds that the hypothetical questioning of the VE by the ALJ at the administrative hearing contained all of plaintiff's credibly established limitations and therefore did not constitute error.

Under these circumstances, the court finds that the ALJ has committed no error of fact or of law, and therefore the decision of the ALJ denying plaintiff's application for supplemental security income will be affirmed.

AND NOW, this 22 day of June, 2009, IT IS HEREBY ORDERED that plaintiff's motion for summary judgment [doc. no. 8] is DENIED and defendant's motion for summary judgment [doc. no. 12] is GRANTED.

BY THE COURT:

_____, J.

cc:    All Counsel of Record